# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## FOURTH AMENDED CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Linda H. White**                                          Case No:  **10-72777**

This plan, dated **January 12, 2012**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☒ a modified Plan, which replaces the
  ☒ confirmed or ☐ unconfirmed Plan dated **5/27/2012**.

  Date and Time of Modified Plan Confirming Hearing:
  **3/1/2012 AT 10:00AM**
  Place of Modified Plan Confirmation Hearing:
  **Judge St. John's Crt, US BK Crt, 600 Granby Street, 4th Fl, Ctrm #1, Norfolk, VA 23510**

  The Plan provisions modified by this filing are:
  **1, 2B, 11**

  Creditors affected by this modification are:
  **None**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

  Total Assets: **$176,974.00**
  Total Non-Priority Unsecured Debt: **$5,844.39**
  Total Priority Debt: **$127.94**
  Total Secured Debt: **$83,966.02**

1. **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$585.00 Monthly for 4 months, then $100.00 Monthly for 13 months, then $559.00 for 2 months, then $264.00 Monthly for 41 months**.  Other payments to the Trustee are as follows:   **NONE**  .  The total amount to be paid into the plan is $  **15,582.00**  .

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

        1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2.  Debtor(s)' attorney will be paid $  **2,500.00**   balance due of the total fee of $  **3,000.00**   concurrently with or prior to the payments to remaining creditors.

    B.  **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City Of Chesapeake** | **Taxes and certain other debts** | 127.94 | Prorata 2 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B.  **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                     Best Case Bankruptcy

    **C.**    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **-NONE-** | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    **D.**    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

    **E.**    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately **100** %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **100** %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| City Of Chesapeake | 1304 Old Atlantic Ave. Chesapeake, VA 23324 | 0.00 | 182.00 | 0% | 27 months | Prorata |
| Everhome Mortgage Co | 1304 Old Atlantic Ave. Chesapeake, VA 23324 | 734.00 | 4,008.45 | 0% | 27 months | Prorata |
| Wells Fargo Auto Finance | 2002 Honda CRV | 459.00 | 983.24 | 0% | 27 months | Prorata |

    B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    B.  **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**
    **1) Debtor to pay student loans directly.**

**Signatures:**

Dated: **January 12, 2012**

| /s/ Linda H. White | /s/ Seth A. Schoenfeld |
|---|---|
| **Linda H. White** | **Seth A. Schoenfeld 71432** |
| **Debtor** | **Debtor's Attorney** |

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Certificate of Service

I certify that on **January 12, 2012**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Seth A. Schoenfeld**
**Seth A. Schoenfeld 71432**
Signature

**Pembroke 4**
**291 Independence Blvd, Suite 530**
**Virginia Beach, VA 23462**
Address

**757-961-8553**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re **Linda H. White**                     Case No. **10-72777**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **22 years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **Unemployed** | **Unemployed** |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
|     b. Insurance | $ 0.00 | $ 0.00 |
|     c. Union dues | $ 0.00 | $ 0.00 |
|     d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): **Husband's Part Time Job** | $ 0.00 | $ 1,000.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): **Unemployment** | $ 1,637.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,637.00 | $ 1,000.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,637.00 | $ 1,000.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,637.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6J (Official Form 6J) (12/07)**

In re **Linda H. White**            Case No. **10-72777**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ **722.00** |
|    a. Are real estate taxes included? | Yes **X**    No ___ | |
|    b. Is property insurance included? | Yes **X**    No ___ | |
| 2. Utilities:    a. Electricity and heating fuel | | $ **123.00** |
|                b. Water and sewer | | $ **100.00** |
|                c. Telephone | | $ **0.00** |
|                d. Other **See Detailed Expense Attachment** | | $ **290.00** |
| 3. Home maintenance (repairs and upkeep) | | $ **50.00** |
| 4. Food | | $ **350.00** |
| 5. Clothing | | $ **52.00** |
| 6. Laundry and dry cleaning | | $ **35.00** |
| 7. Medical and dental expenses | | $ **75.00** |
| 8. Transportation (not including car payments) | | $ **300.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ **25.00** |
| 10. Charitable contributions | | $ **85.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | | $ **0.00** |
|            b. Life | | $ **0.00** |
|            c. Health | | $ **0.00** |
|            d. Auto | | $ **120.00** |
|            e. Other | | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|         (Specify) **Personal Property Taxes** | | $ **6.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | | $ **0.00** |
|            b. Other | | $ **0.00** |
|            c. Other | | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | | $ **0.00** |
| 15. Payments for support of additional dependents not living at your home | | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ **0.00** |
| 17. Other **Contingency** | | $ **25.00** |
|       Other **Grooming** | | $ **15.00** |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **2,373.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ **2,637.00** |
| b. | Average monthly expenses from Line 18 above | $ **2,373.00** |
| c. | Monthly net income (a. minus b.) | $ **264.00** |

**B6J (Official Form 6J) (12/07)**

In re **Linda H. White**        Case No. **10-72777**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| **Cable/Internet/Phone** | $ **130.00** |
| **Cell phone(s)** | $ **120.00** |
| **Natural Gas** | $ **40.00** |
| **Total Other Utility Expenditures** | $ **290.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Linda H. White**  
Debtor(s)

Case No. **10-72777**  
Chapter **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **32** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **January 12, 2012**

Signature **/s/ Linda H. White**  
**Linda H. White**  
Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Linda H. White
1304 Old Atlantic Ave.
Chesapeake, VA 23324

Absolute Collections Service
421 Fayetteville St., Suite 600
Raleigh, NC 27601

ALS Services
50 California Street
San Francisco, CA 94111

American Medical Collection Ag
2269 South Sawmill River Road
Bldg 3
Elmsford, NY 10523

Bayview Physician Svcs, PC
PO BOX 7068
Portsmouth, VA 23707

Cavalry Portfolio Service
PO BOX 27288
Tempe, AZ 85285

Cavalry Portfolio Services
7 Skyline Drive, 3rd Floor
Hawthorne, NY 10532

CCS
P O Box 55126
Boston, MA 02205

Chesapeake Emergency Physcians
P O Box 62327
Virginia Beach, VA 23466

Chesapeake General District Ct
307 Albemarle Drive
Civic Center
Chesapeake, VA 23322-5571

Chesapeake General Hospital
PO BOX 2028
Chesapeake, VA 23320

Chesapeake Radiology
P O Box 1707
Chesapeake, VA 23327

Cingular Wireless
P O Box 536216
Atlanta, GA 30353-6216

City Of Chesapeake
Barbara O. Carraway, Treasurer
PO BOX 16495
Chesapeake, VA 23328

Commonwealth Info Services
P O Box 6610
Newport News, VA 23606

Cox Cable of Hampton Roads
PO Box 62549
Virginia Beach, VA 23466

Credit Adjustment Board
306 E Grace Street
Richmond, VA 23219-1718

Credit Collection Service
Two Wells Avenue
Newton Center, MA 02459

Credit Control Corp
11821 Rock Landing Dr
Newport News, VA 23606

Digestive Liver Disease Spec.
Amelia Bldg.
85 Kempsville Rd., Suite 114
Norfolk, VA 23502

Direct Loan
PO BOX 5609
Greenville, TX 75403

ECMC
101 5th Street E
Ste 2400
Saint Paul, MN 55101

Enhanced Recovery Corp
P O Box 1967
Southgate, MI 48195

Equidata
724 Thimble Shoals Blvd
Newport News, VA 23606

Everhome Mortgage Co
8100 Nations Way
Jacksonville, FL 32256

GEMB/Walmart
P O Box 981400
El Paso, TX 79998

General Revenue Corporation
PO Box 6138
Indianapolis, IN 46206-6138

Glasser & Glasser PLC
Crown Center Bldg
580 E Main ST Suite 600
Norfolk, VA 23510

HRUBS
306 Cedar Road
Chesapeake, VA 23324

IC Systems
444 Hwy 96 East
Saint Paul, MN 55127

Konikoff Dental Associates, Inc
2100 Lynnhaven Parkway
Suite 100
Virginia Beach, VA 23456

LabCorp
PO BOX 2240
Burlington, NC 27216

LVNV Funding LLC
PO Box 10497
Greenville, SC 29603

LVNV Funding LLC
PO Box 10587
Greenville, SC 29603

Medical Center Radiologist
6330 N. Center Dr
Bldg 13, Suite 200
Norfolk, VA 23502

Mid Atlantic Dermatology
109 Wimbledon Square
Chesapeake, VA 23320

Midland Credit Mgmnt., INC.
8875 Aero Drive Ste 200
San Diego, CA 92123

Midland Funding LLC
PO Box 60578
Los Angeles, CA 90060

N-Telos
PO BOX 580423
Charlotte, NC 28258

National City Bank
PO Box 5570
Cleveland, OH 44101-0570

Nationwide Insurance Co
PO BOX 96040
Charlotte, NC 28296

NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

Northland Group
P O Box 390846
Minneapolis, MN 55439

Pariser Dermatology Specialist
601 Medical Tower
# 601
Norfolk, VA 23507

Patient First
PO BOX 758941
Baltimore, MD 21275

Pentagroup Financial LLC
P O Box 742209
Houston, TX 77274

Providian
P.O. Box 66043
Dallas, TX 75266-0433

Providian Financial
PO BOX 9180
Pleasanton, CA 94566

Receivables Management Systems
PO Box 8630
Richmond, VA 23226

Renaissance Pediatrics
4012 Raintree Rd., Suite 200A
Chesapeake, VA 23321

Sallie Mae
P O Box 9500
Wilkes Barre, PA 18773

Sallie Mae, Inc. obo USA Funds
Bankruptcy Litigation Unit
PO Box 9430
Wilkes Barre, PA 18773-9430

Sara J Zecca, Esq.
222 Central Park Ave
Virginia Beach, VA 23462

Sears Gold Mastercard
PO BOX 183082
Columbus, OH 43218

Sentara Healthcare
535 Independence Pkwy.
Suite 700
Chesapeake, VA 23320

Sentara Norfolk General
PO BOX 2200
Norfolk, VA 23501

Sidath Jayanetti, MD
4037 Taylor Road, Suite C
Chesapeake, VA 23321

Southeastern Surgical Assoc
P O Box 1776
Chesapeake, VA 23327

Sprint Nextel Corporation
Attn: Bankruptcy Dept.
PO BOX 7949
Overland Park, KS 66207-0949

The Student Loan Corp
c/o CitiBank South Dakota, N.A
701 East 60th Street North
Sioux Falls, SD 57117

| | | |
|---|---|---|
| The Student Loan People<br>P O Box 24328<br>Louisville, KY 40224-0328 | Tidewater Gastro-Ches Office<br>112 Gainsborough Square<br>Suite 200<br>Chesapeake, VA 23320 | U.S. Trustee<br>200 Granby Street, Room 625<br>Norfolk, VA 23510 |
| United Student Aid Funds<br>POB 9460<br>PCA MC E2142<br>Wilkes Barre, PA 18773-9460 | Universal Fidelity LP<br>1445 Langham Creek Drive<br>Houston, TX 77084 | US Department of Education<br>PO Box 7859<br>Madison, WI 53704 |
| US Department of Education<br>Direct Loan Servicing Center<br>PO BOX 5609<br>Greenville, TX 75403 | USA Funds<br>10475 Crosspoint Blvd<br>Indianapolis, IN 46256 | VA Hematology Oncology PLLC<br>5741 Cleveland St., Suite 300<br>Virginia Beach, VA 23462 |
| Virginia Center for Women<br>1101 Madison Plz, 201<br>Chesapeake, VA 23320 | Wachovia Bank<br>Attn BK Dept R4057-01P<br>PO BOX 13765<br>Roanoke, VA 24037-3765 | Wells Fargo Auto Finance<br>Attn: BK Dept<br>PO BOX 500<br>Chester, PA 19013 |